IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ARTIS SWAFFORD, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No.: 02-3197-KGS |
| ) | |
| OFFICER MONIKA HOLSTEN, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the court upon plaintiff's motions for appointment of counsel (Doc. 58) and to continue trial (Doc. 71). Defendant has filed a response in opposition to each motion (Docs. 67 & 73).

Pursuant to the court's order (Doc. 68), plaintiff was to have filed any reply regarding his motion for appointment of counsel on or before August 31, 2005. No such reply has been filed. Therefore issue is fully-submitted and ripe for decision.

Plaintiff's time to file a reply with regard to the motion to continue trial would not expire until September 20, 2005 – a week after the date that trial is scheduled to begin. Therefore, because it is impractical to await any such reply, and because the court does not find that plaintiff would be prejudiced if the court decided the issue without awaiting a reply or that a reply would materially assist the court in its resolution of the motion, the court will also now decide the motion to continue trial.

I.   Background

Plaintiff commenced this action by filing a complaint on July 1, 2002.[1]  The case was assigned to U.S. Senior District Judge G. Thomas VanBebber, who granted plaintiff's motion for *in forma pauperis* status and presided over the initial stages of the case.[2]  As a result of his consideration of plaintiff's request to proceed *in forma pauperis*, Judge VanBebber dismissed plaintiff's claims as to all defendants except for his claim that defendant Monika Holsten filed a disciplinary report against him based upon improper, retaliatory motive.[3]

On September 17, 2003, the case was reassigned to U.S. District Judge Kathryn H. Vratil and, on February 9, 2004, referred by her to U.S. Magistrate Judge James P. O'Hara for pretrial management.[4] On March 31, 2004, Judge O'Hara entered a scheduling order in the case setting a date for trial to begin before Judge Vratil on February 15, 2005.  On January 20, 2005, the parties consented to resolution of the matter before a U.S. Magistrate Judge and the case was reassigned to the undersigned for trial, which was still set to begin on February 15, 2005.

Plaintiff's motion for appointment of counsel and a motion to continue the February 15-trial date were filed on February 8, 2005.[5]  According to the certificates of service, these motions had been mailed by plaintiff on February 3, 2005.[6]  On February 7, 2005, a settlement conference was held in the case

---

[1] Doc. 1.

[2] *See* Orders (Docs. 4, 5, & 7).

[3] *See* Order (Doc. 7).

[4] *See* Minute Order (Doc. 16) and Order (Doc. 17).

[5] Docs. 57 & 58.

[6] *See* Docs. 57 & 58.

before U.S. Magistrate Judge David J. Waxse, at which the parties reached an agreement to settle the case.[7] In light of this agreement, the court cancelled the trial date and terminated the pending pretrial motions as moot.[8]

The settlement reached by the parties required approval by the Kansas Finance Council, which was not scheduled to meet until after the close of the legislative session in May 2005. The Finance Council does not meet while the legislature is in session. The court set a deadline of June 30, 2005 for the parties to submit their closing papers or report to the court upon the status of the finalization of their settlement.[9] Due to the special session of the Kansas legislature, the parties agreement was not able to go before the Finance Council during the time period anticipated. In early August 2005, a member of the undersigned's staff contacted defense counsel to ascertain the status of the settlement and was informed that there had not been a written settlement agreement executed, that the parties were in disagreement as to certain terms of the settlement, that the settlement had not been put before the Finance Council, and that counsel for defendant no longer believed that the settlement would be approved by the Finance Council.

In light of this new information, the court convened a status conference by telephone on August 17, 2005.[10] During that conference, it was determined that the case would now need to be tried, and the court entered an order renewing any relevant motion that had been terminated after notification of the settlement,

---

[7] *See* ADR Report (Doc. 55).

[8] *See* Orders (Docs. 56 & 63).

[9] *See* Order (Doc. 56).

[10] *See* Order Setting Telephone Status Conference (Doc. 66) and Minute Entry (Doc. 69).

e.g. plaintiff's motion for appointment of counsel, and setting a new trial date of September 13, 2005.[11] Plaintiff filed his motion to continue the trial date on September 1, 2005, citing as a basis for the request that his motion for appointment of counsel was pending before the court and that he was in the midst of other ongoing efforts to attempt to secure counsel for trial.

II.     Plaintiff's Motion for Appointment of Counsel

"There is no constitutional right to appointed counsel in a civil case."[12] "[T]he district court has broad discretion to appoint counsel for indigents under 28 U.S.C. § 1915[(e)(1)] . . . ."[13] "The court may request an attorney to represent any person unable to afford counsel."[14] When considering the appointment of counsel to represent a civil litigant, the court must consider all relevant factors, including the litigant's ability to retain counsel, the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.[15]

In this instance, plaintiff did not seek the appointment of counsel until the eve of the original trial date in this matter.[16] When the parties began to have doubts about the viability of their tentative settlement of

---

[11] *See* Order Setting Schedule for Trial and Related Activities (Doc. 68).

[12] *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989) (citing *Bethea v. Crouse*, 417 F.2d 504, 505 (10th Cir. 1969)).

[13] *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991) (quoting *Maclin v. Freake*, 650 F.2d 885, 886 (7th Cir. 1981)).

[14] 28 U.S.C. § 1915(e)(1).

[15] *Williams*, 962 F.2d at 996.

[16] The instant motion for appointment of counsel was mailed by plaintiff on February 3, 2005 and received and filed by the court on February 8, 2005 in advance of a trial setting of February 15, 2005.

this matter, plaintiff did not contact the court or in anyway renew his request for appointment of counsel until the August 17, 2005-status conference, which was initiated *by the court*, when he was once again near the eve of trial.[17] Thus, plaintiff first requested counsel in this matter after the case had been pending approximately two and a half years with trial less than two weeks away and renewed his request for counsel after the case had been pending over three years with the new trial date less than a month away.

Turning to an analysis of the relevant factors, the court will first examine the litigant's ability to retain counsel. Plaintiff is proceeding *in forma pauperis* and has already demonstrated sufficient indigence to qualify for that status. As such, the court is satisfied that there is a likelihood he lacks the financial resources to pay the fees necessary to retain counsel to represent him on a traditional per hour basis. However, a demonstration of indigence alone does not end the inquiry into a litigant's ability to retain counsel.

> [O]nce indigency is established. . . § 1915[(e)(1)] requires a threshold inquiry into the indigent's efforts to secure counsel. Accordingly, when deciding whether or not to grant a request for counsel under § 1915[(e)(1)], the [trial] judge must first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts. Only when the petitioner meets this threshold requirement should the court [examine the remaining factors]. If, however, the indigent has made no reasonable attempts to secure counsel (unless circumstances prevented him from doing so), the court should deny any § 1915[(e)(1)] motions outright.[18]

---

[17] During the August 17, 2005-status conference the court set the matter for trial beginning approximately four weeks later on September 13, 2005. Notably, plaintiff did not assert at that time that he would not be able to proceed with trial on September 13, 2005, or that his ability to do so would be in any way contingent upon the court appointing him counsel.

[18] *Jackson v. County of McLean*, 953 F.2d 1070, 1072-73 (7th Cir. 1992).

There are other ways of obtaining legal representation than hiring a lawyer on a per hour basis. An attorney may undertake to represent a client on a contingent fee basis with the fee to be satisfied by a percentage of the amount recovered or may, in some instances, undertake representation on a *pro bono* basis as part of the profession's service to the community. Additionally, there may be some legal aid services available to parties who qualify on the basis of being low-income.

Plaintiff did not include any information in his original motion for appointment of counsel to suggest that he had contacted *any* attorneys to learn what options might be available at the time the motion was filed. In his more recently filed motion for continuance, plaintiff indicated that he had made inquiries to two unnamed attorneys regarding the possibility of representation on a contingent fee basis on August 19, 2003, and sought assistance from the Lawyer Referral Service in an effort to locate counsel experienced with claims such as his. This is simply too little, too late.

While this case had been pending for over three years as of the date of the August 17, 2005-status conference that resulted in the current trial setting, based upon the information it has before it, the court can only conclude that plaintiff's first efforts to explore the possibility of obtaining counsel did not occur until two days after that conference. Waiting until a time so late in the life of the case makes the likelihood of obtaining private representation remote and is, therefore, far short of the reasonable effort necessary to meet the threshold showing for appointment of counsel. Moreover, the court does not regard inquiries with two attorneys to be sufficient to constitute a reasonable effort, even if such inquiries had not been made on the eve of trial. As such, the court finds that plaintiff has not made a sufficiently reasonable effort to obtain counsel to qualify for the appointment of counsel and could deny his motion on that basis alone. However,

out of an abundance of caution, the court will examine the remaining factors as an aid in its resolution of the motion.

With regard to the factor of the merits of plaintiff's claim, the remaining claim against defendant Holsten has already been found, by Judge VanBebber during his initial screening of the case, to be sufficient to go forward. The court finds no new information in the record at this time to warrant revisiting that decision and will find that plaintiff's claim demonstrates sufficient merit to qualify for the appointment of counsel.

With regard to the factor of the factual issues raised by plaintiff's claim, the events giving rise to the claim all appear, on the basis of the information in the record, to have taken place within the confines of the facility in which plaintiff is incarcerated. Moreover, in its review of the record, the court has not found any suggestion by plaintiff that, while proceeding *pro se*, he has not been able to obtain the factual discovery necessary to develop his case, and the parties reported discovery as complete in the pretrial order submitted to the court and entered in the case on November 3, 2004.[19] As such, the court can only conclude that plaintiff has been able to obtain the information necessary to resolve the factual issues raised by his claim without the assistance of counsel. Additionally, as discovery has closed, there is little that an attorney could do at this late date to develop further factual information about plaintiff's claim. The court therefore finds that this factors weighs against the appointment of counsel to represent plaintiff.

With regard to the remaining factors of the legal complexity of plaintiff's claim and his ability to present his claims to the trier of fact, the court will examine these factors together. Plaintiff's claim in this

---

[19] *See* Pretrial Order (Doc. 34), at § 11.

7

instance presents a straight forward issue of whether the actions of defendant Holsten were undertaken because of an improper, retaliatory motive. The case is poised to go to trial, and there is no issue of plaintiff having to fend off any technical or complex motion for summary judgment. Instead, plaintiff will have the opportunity to present his claim to a jury that, in all likelihood, will have had no greater experience with the issues of civil rights law than plaintiff himself. Plaintiff has demonstrated the ability to communicate clearly, both orally and in writing, throughout the pretrial period in this case. He has met the requirements of adhering to the schedule in the case, filed clear and cogent written documents on time and in the proper form, and spoken articulately and succinctly during conferences with the court. As such, the court is satisfied that plaintiff's abilities are more than adequate to present his relatively straight forward claim to a jury and finds that the remaining factors weigh against appointment of counsel in this instance.

Because the court finds that plaintiff has not demonstrated a reasonable effort to obtain the representation of counsel prior to filing his motion for counsel, has had an adequate opportunity to develop the information necessary to resolve the factual issues related to his claim, and has pursued a relatively straight forward legal claim that he has demonstrated the ability to comprehend and clearly present, the court will deny plaintiff's motion for appointment of counsel.

III.     Plaintiff's Motion for Continuance of Trial

As noted above, plaintiff's bases for his request to continue the trial in this matter were the pendency of his motion for appointment of counsel and the fact that he had recently undertaken additional efforts to explore the possibility of counsel for trial. The court has already resolved plaintiff's pending motion for appointment of counsel and, as part of its analysis of the factors involved in that decision, discussed the tardiness of plaintiff's efforts to obtain counsel and the remote likelihood such efforts will be

successful at this late date. As such, the court does not believe that these last minute efforts to seek counsel constitute good cause for a extension of the trial date in this matter, particularly in light of the straight forward nature of plaintiff's claim and his demonstrated ability to communicate and present his claim.

This matter has been pending for a very long time, far longer than the time the court would ordinarily permit for pretrial activities in cases of a much more complex nature. The court normally tries to advance civil cases to trial within fourteen months of filing, including within that time period the decision of often complex motions for summary judgment. The instant case has been pending for over three years and without any such summary judgment motions having been filed. Moreover, the reason put forth in requesting a continuation, plaintiff's desire to obtain counsel, did not become an issue in the case until on the eve of the original, February 2005, trial date, and nothing before the court suggests that any efforts in that regard took place until after the new, September 2005, trial date was set – this despite the parties' knowledge that the settlement was faltering and the case would likely advance to trial. Given such a history and based upon such a current showing, the court cannot find good cause to continue the current trial setting and will deny plaintiff's motion.

IV.     Conclusion

Based upon the foregoing, the court concludes that plaintiff's motions for appointment of counsel (Doc. 58) and to continue trial (Doc. 71) shall be denied. This matter will proceed to trial, as currently scheduled, on September 13, 2005, commencing at 10:00 a.m., at which time plaintiff will be expected to present his case *pro se* unless he has obtained counsel in the interim.

**IT IS THEREFORE ORDERED** that plaintiff's motion for appointment of counsel (Doc. 58) is hereby denied.

**IT IS FURTHER ORDERED** that plaintiff's motion to continue trial (Doc. 71) is hereby denied.

**IT IS SO ORDERED.**

Dated this 7th day of September, 2005, at Topeka, Kansas.

s/K. Gary Sebelius
K. Gary Sebelius
United States Magistrate Judge
