IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| ARTIS SWAFFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No.: 02-3197-KGS |
| | ) | |
| OFFICER MONIKA HOLSTEN, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This matter comes before the court upon plaintiff's motion in limine (Doc. 42), defendant's motion in limine (Doc. 46), and defendant's second motion in limine (Doc. 70). The court orally ruled upon these motions during a telephone status conference with the parties held on September 8, 2005. At that time, the court ruled to grant in part and deny in part plaintiff's motion in limine (Doc. 42), grant defendant's motion in limine (Doc. 46), and deny defendant's second motion in limine (Doc. 70). This order shall memorialize those rulings.

**I.     Plaintiff's Motion In Limine (Doc. 42)**

Plaintiff's moves to exclude any reference to past criminal convictions of plaintiff, and two of his witnesses, during the trial of this matter on the grounds that such information is not proper impeachment material under Fed. R. Evid. 609 and that use of the information would violate Fed. R. Evid. 403, in that any probative value it may have is substantially outweighed by the danger of unfair prejudice.

Plaintiff is currently incarcerated as a result of 1993 convictions for aggravated robbery, first degree murder, and sale of drugs within one-thousand feet of school property. Plaintiff's witness, Thomas L.

Hurst, is currently incarcerated as a result of 1989 convictions for theft and aggravated escape from custody, and a 1994 conviction for attempted rape. Plaintiff's witness, Nathaniel Turner, III., is currently incarcerated as a result of 1992 convictions for aggravated burglary, rape, aggravated sodomy, two counts of robbery, and two counts of aggravated robbery.

Fed. R. Evid. 609 addresses impeachment of a witness by introduction of evidence or prior criminal convictions and provides, in pertinent part:

> a) General rule. For the purpose of attacking the credibility of a witness,
>
> **(1)** evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and
> (2) evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment.
>
> (b) Time limit. Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. However, evidence of a conviction more than 10 years old as calculated herein, is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence.

Rule 609 makes reference to the need for evidence of past convictions to also comply with Fed. R. Evid. 403. Rule 403 provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Plaintiff contends that the evidence of his prior convictions, and those of his witnesses, should be excluded from any reference at trial because the convictions are too old to be properly admissible under Rule 609(b) and that the danger of unfair prejudice substantially outweighs the information's probative value as impeachment evidence. Defendant responds that the convictions at issue are all of a type admissible under Rule 609(a)(1) and an age admissible under Rule 609(b). Defendant further responds that the probative value for impeachment purposes of these convictions substantially outweighs any possible prejudicial effect, particularly the crimes "of robbery, aggravated robbery, and aggravated burglary[, which] are highly relevant to" these individuals' credibility as witnesses.

After reviewing the parties' arguments, the court finds that the convictions at issue are properly admissible pursuant to Rule 609(a)(1). The court further finds that plaintiff's reading of Rule 609(b) is apparently incorrect in that the rule permits admission of evidence of convictions when not more than ten years has elapsed *since the later of* the date of the conviction or the date of release from any period of confinement imposed as a result of the conviction. In this instance, plaintiff and his witnesses are still in custody as a result of their respective convictions, so the ten year period from their respective dates of release has not yet begun to run and could not have possibly expired. Therefore the court finds that evidence of the past criminal convictions of plaintiff and his witnesses is properly admissible under Fed. R. Evid. 609.

However this does not end the court's inquiry with regard to this evidence. Plaintiff has also sought exclusion on the basis of Rule 403. After a review of the specific convictions at issue, the court finds that there is a danger of unfair prejudice both from the cumulative effect of the listing of all the various convictions and also because of the extremely emotionally volatile nature of several of the most serious

personal felony convictions. Defendant appears to tacitly concede this when she directs her arguments solely at the admission of the evidence of the property-related crimes of robbery, aggravated robbery, and aggravated burglary. While these crimes are still person felonies, by their nature they suggest a motive that makes them more probative as impeachment evidence and ameliorates, after a fashion, their prejudicial impact as compared to the crimes of rape, aggravated sodomy, and murder. Similarly, the crime of drug sale within one-thousand feet of a school carries with it the potentially emotional component of the appearance of possible endangerment of children that, the court finds, outweighs any slight additional probative value it may offer with regard to plaintiff's credibility.

After considering the probative value and possible prejudicial effect of all of the convictions at issue, the court concludes that no reference shall be made at trial by defendant, either orally or in writing, through testimony, exhibit, or argument of counsel, of the following: (1) Plaintiff's convictions for first degree murder and drug sale within one-thousand feet of a school, (2) Thomas L. Hearst's conviction for rape, and (3) Nathaniel Turner, III's convictions for rape and aggravated sodomy. In the event any party wishes to makes use of any documents from the Lansing Correctional Facility's institutional file of plaintiff or his witness, which contain information in anyway disclosing the foregoing excluded convictions, that party shall first redact any such reference from those documents prior to their use at trial.

**II.     Defendant's Motion In Limine (Doc. 46)**

Defendant moves to exclude from use at trial any evidence of the April 4, 2002-Memorandum Decision entered by district judge Robert J. Bednar in the *habeas corpus* action styled *Swafford v. McKune et al.,* Case No. 0110HC0069 in the District Court of Leavenworth County, Kansas, either by introduction of the Memorandum Decision itself or by testimony about the decision by a witness. In this

4

decision, Judge Bednar set aside plaintiff's disciplinary conviction that resulted from the disciplinary complaint that gives right to plaintiff's claim in the instant action. Defendant seeks to exclude this evidence on the grounds that it represents improper expert evidence, under Fed. R. Evid. 702, and that the danger of resulting unfair prejudice substantially outweighs any probative value the evidence might have, under Fed. R. Evid. 403. In support of her motion, defendant points out that she did not have notice of the *habeas corpus* proceeding and did not testify as part of that proceeding.

Plaintiff directs his response to defendant's motion at defendant's statements about her noninvolvement in the *habeas corpus* proceeding. He argues that defendant had no right to notice of the *habeas corpus* proceeding under Kansas law. He further argues that defendant would have had actual notice of the proceeding because warden of the Lansing Correctional Facility, her ultimate supervisor at her place of employment, had notice of the proceeding, and that, despite this actual notice, defendant did not appeal the decision of Judge Bednar setting aside plaintiff's disciplinary conviction.

Without, perhaps, realizing it, plaintiff, through his arguments, is bolstering defendant's arguments in favor of excluding evidence of the *habeas corpus* proceeding. The *habeas corpus* proceeding was a different action from the instant case and was undertaken for a different purpose that establishing defendant's liability to plaintiff. The respondent in that case was the warden of the Lansing Correctional Facility and not defendant. Defendant had no right to receive notice, direct the response to plaintiff's petition, testify, or present evidence in the *habeas corpus* proceeding, and defendant did not have standing to appeal Judge Bednar's decision in any respect.

As such, the court finds it would be improper to allow evidence related to Judge Bednar's decision because such evidence would constitute expert evidence of what Judge Bednar believed to be the motive

5

for defendant's action of making the disciplinary complaint based upon his review of the facts and circumstances surrounding the complaint. The jury, as the trier of fact, can evaluate the facts and circumstances for itself and come to its own conclusion as to what it believes defendant's intent to have been.[1]

Additionally, the court finds that admitting evidence that a judge has made a determination of the propriety of the disciplinary complaint would be extremely prejudicial, particularly in light of dicta contained in the written ruling that goes beyond of the scope of Judge Bednar's actual inquiry, because the jury could easily take such a determination by a judge as conclusive. Moreover, the court finds that this evidence is of very limited probative value, in that Judge Bednar's determination was reached as part of a different proceeding, which had a completely different purpose and focus from the instant action, and at which defendant's personal interests were not represented.[2] As such, the court finds the danger of unfair prejudice from this evidence substantially outweighs any probative value it might have and will exclude the evidence from use at trial. The fact that plaintiff's disciplinary conviction was ultimately set aside could be probative with regard to the extent of plaintiff's injury, and the court sees little danger of prejudice to any party from admission of that fact alone. Therefore, the fact that plaintiff's disciplinary conviction was ultimately set aside, standing alone and without any elaboration or reference to how the conviction came

---

[1] *See Jet Corp. v. Flight Saftey Intern.*, 16 F.3d 362, 366 (D. Kan. 1994) (excluding testimony of "after the fact" expert witness who was to testify as to what he believed had occurred based on analyis of the facts and circumstances as speculative and unhelpful to the jury). "It is really surmise after the fact and speculative as any other lay opinion could be as to what he might think happened." *Id.*

[2] *Id.* at 365 (excluding evidence of an administrative enforcement action and its findings in a later trial regarding the same incident on the basis that the evidence was not relevant and carried the potential for prejudice and confusion).

to be set aside, or by whom, or any of the findings or details of the decision to set the conviction aside, shall be admissible.

### III.     Defendant's Second Motion In Limine (Doc. 70)

Defendant moves to exclude any evidence plaintiff may seek to offer at trial regarding alleged actions or conduct of defendant occurring years earlier during her employment with Heatron, Inc., on the basis that such evidence is irrelevant, potentially prejudicial, and likely to result in delay and confusion at trial. Plaintiff responds that the earlier alleged actions or conduct of defendant during her employment with Heatron, Inc. is relevant to establish a habit, routine, or practice of defendant to engage in conduct of the type at issue in this case.

Having reviewed the parties' filings, the court does not find itself sufficiently informed as to the nature of this evidence to adequately assess its possible relevancy at this time. It is not clear from the parties' arguments and representations what the evidence in question is, or what relevance it might bear to the issues involved in the instant case. As such, the court cannot make a determination whether to exclude this evidence at this time and will wait to make such a determination, if necessary, until such time as it is presented with sufficient information to have a adequate understanding of the evidence at issue.

**IT IS THEREFORE ORDERED:**

1. That plaintiff's motion in limine (Doc. 42) is hereby granted in part and denied in part.

2. That no reference shall be made at trial by defendant, either orally or in writing, through testimony, exhibit, or argument of counsel, of the following: (1) Plaintiff's convictions for first degree murder and drug sale within one-thousand feet of a school, (2) Thomas L. Hearst's conviction for rape, and (3) Nathaniel Turner, III's convictions for rape and aggravated sodomy.

3. That defendant's motion in limine (Doc. 46) is hereby granted.

4. That no reference shall be made at trial, either orally or in writing, through testimony, exhibit, or argument, of the April 4, 2002-Memorandum Decision entered by district judge Robert J. Bednar in the *habeas corpus* action styled *Swafford v. McKune et al.*, Case No. 0110HC0069 in the District Court of Leavenworth County, Kansas.

5. That defendant's second motion in limine (Doc. 70) is hereby denied.

**IT IS SO ORDERED.**

Dated this 26th day of September, 2005, at Topeka, Kansas.

s/K. Gary Sebelius
K. Gary Sebelius
United States Magistrate Judge